UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA         :
                                 :
    versus                       :    CRIMINAL NO. 14-42-BAJ
                                 :
CHARLOTTE A. JOHNSON             :

## PLEA AGREEMENT

The United States Attorney's Office for the Middle District of Louisiana ("the United States") and Charlotte A. Johnson ("the defendant") hereby enter into the following plea agreement pursuant to Fed. R. Crim. P. 11(c).

A.   **THE DEFENDANT'S OBLIGATIONS**

   1.   **Guilty Plea**

The defendant agrees to enter a plea of guilty to a Superseding Bill of Information charging her with making false statements in violation of 18 U.S.C. § 1001(a)(2).

   2.   **Financial Information**

The defendant agrees to fully and truthfully complete the financial statement provided to her by the United States and to return the financial statement to the United States within ten days of this agreement being filed with the Court. Further, the defendant agrees to provide the United States with any information or documentation in her possession regarding her financial affairs and to submit to a debtor's examination upon request. Any financial information provided by the defendant may be used by the United States to collect any

Charlotte A. Johnson   Page 1   January 26, 2016

financial obligations imposed in this prosecution and may be considered by the Court in imposing sentence.

### 3. Waiver of Indictment

The defendant agrees to waive indictment in open court at arraignment.

## B. UNITED STATES' OBLIGATIONS

### 1. Non-prosecution/Dismissal of Charges

The United States agrees that, if the Court accepts the defendant's guilty plea, it will move to dismiss the Indictment after sentencing, and it will not prosecute the defendant for any offense related to the offenses charged in the Indictment and Superseding Bill of Information.

### 2. Motion for Third Point for Acceptance of Responsibility

The United States acknowledges that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently. The United States therefore agrees that, if the Court finds that the defendant qualifies for a two-level decrease in offense level for acceptance of responsibility under USSG § 3E1.1(a) and, prior to the operation of USSG § 3E1.1(a), the defendant's offense level is 16 or greater, the United States will move the Court pursuant to USSG § 3E1.1(b) to decrease the defendant's offense level by one additional level. The United States reserves the right to object to a decrease in offense level for acceptance of responsibility

based on information received by the United States after the effective date of this agreement, including information that the defendant failed to timely submit the financial statement required by Section A(2) of this agreement.

C. **SENTENCING**

1. **Maximum Statutory Penalties**

The maximum possible penalty is a term of imprisonment of five years, a fine of up to $250,000, and a term of supervised release of three years.

In addition to the above, the Court must impose a special assessment of $100 per count which is due at the time of sentencing. The Court may also order restitution.

2. **Supervised Release**

Supervised release is a period following release from imprisonment during which the defendant's conduct is monitored by the Court and the United States Probation Office and during which the defendant must comply with certain conditions. Supervised release is imposed in addition to a sentence of imprisonment, and a violation of the conditions of supervised release can subject the defendant to imprisonment over and above any period of imprisonment initially ordered by the Court for a term of up to two years, without credit for any time already served on the term of supervised release.

3. **Sentencing Guidelines**

The Court will determine in its sole discretion what the defendant's sentence will be. While the Court must consider the United States Sentencing Guidelines in imposing sentence, the Sentencing Guidelines are not binding on the Court. The Court could impose

any sentence up to the maximum possible penalty as set out above despite any lesser or greater sentencing range provided for by the Sentencing Guidelines.

4.  **Agreement Regarding Sentencing**

The defendant and the United States agree, pursuant to 18 U.S.C. § 3663(a)(3), that the Court shall not be limited to the count of conviction for purposes of ordering restitution. As a condition of this plea agreement, the defendant agrees that the Court will order full restitution to the State of Louisiana, Office of the Governor, in the amount of $99,875.66. Otherwise, except as set forth in this agreement, the United States makes no promises, representations, or agreements regarding sentencing. In particular, the United States reserves the right to present any evidence and information to the Court and the United States Probation Office regarding sentencing.

D.  **FACTUAL BASIS**

The United States and the defendant stipulate to the following facts:

> At all relevant times, the Louisiana Governor's Office of Safe and Drug Free Schools and Communities ("Governor's Office") funded youth drug abuse prevention programs through grants from the United States Department of Education, a department within the executive branch of the United States Government. The Governor's Office took applications for sub-grants from community-based organizations and awarded funding to sub-grant recipients on a cost-reimbursement basis.
>
> At all relevant times, defendant **CHARLOTTE A. JOHNSON** was the representative of Community Achievement Network, Inc. (CAN), a non-profit corporation. Defendant **JOHNSON**, acting on behalf of CAN, applied for, and was awarded, grants through the Governor's Office to fund after-school tutoring and life skills training.

As defendant **JOHNSON** was aware, CAN did not conduct any after-school programs as contemplated by the grants. Nevertheless, defendant **JOHNSON** submitted reimbursement requests to the Governor's Office falsely claiming that money was expended by CAN on grant programs. In support of the false reimbursement requests, defendant **JOHNSON** submitted fabricated invoices and other false documentation reflecting expenses that were never incurred. From March 2007 through July 2010, the Governor's Office paid CAN $99,875.66 based on defendant **JOHNSON**'s false requests for reimbursement. Defendant **JOHNSON** was assisted in the fraud by a friend who was employed as a Program Manager for the Governor's Office.

On October 14, 2010, defendant **JOHNSON** was interviewed by officers of the Federal Bureau of Investigation and the Louisiana Office of State Inspector General. Defendant **JOHNSON** confessed that all of the reimbursement requests she submitted to the Governor's Office were false because CAN never conducted any of the after-school programs for which the grants were awarded. She further admitted that she used the funds received from the Governor's Office for her own personal benefit.

Records of CAN's bank account reflect that most of the fraud proceeds were withdrawn from the account at casino ATMs. In addition, funds were used for hotels, cruise tickets, restaurants, grocery stores, cable bills, medical expenses, gas, nail salons, and credit card payments.

Defendant **JOHNSON** knew that her submission of false reimbursement requests to the Governor's Office was unlawful.

The defendant admits that, to the best of her knowledge and belief, the stipulated statement of facts is true and correct in all respects. The United States and the defendant agree that, had this matter gone to trial, the United States could have proved such facts. The United States and the defendant further agree that such facts are sufficient to support conviction of the offense to which the defendant has agreed to plead guilty. The defendant understands

that, by the terms of USSG § 6B1.4, the Court is not limited by the stipulated facts for purposes of sentencing. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation and any other relevant information.

E.  **BREACH AND ITS CONSEQUENCES**

   1.  **Conduct Constituting Breach**

   Any of the following actions by the defendant constitutes a material breach of this agreement:

   a.  failing to plead guilty to the Superseding Bill of Information at arraignment;

   b.  representing, directly or through counsel, to the United States or the Court that she will not plead guilty to the Superseding Bill of Information;

   c.  moving to withdraw her guilty plea;

   d.  filing an appeal or instituting other post-conviction proceedings not authorized in Section F(2);

   e.  disputing or denying guilt of the offense to which the defendant has agreed to plead guilty or denying or disputing any fact contained in the stipulated factual basis;

   f.  failing or refusing to waive indictment in open court at arraignment;

   g.  providing false, misleading, or incomplete information or testimony, including financial information and testimony provided pursuant to Section A(2), to the United States; or

   h.  violating the terms of this agreement in any other manner.

2. **Consequences of Breach**

In the event of a breach by the defendant, the United States is relieved of its obligations under the agreement. In particular, the United States may prosecute the defendant for any criminal offense. In addition, any statements and information provided by the defendant pursuant to this agreement or otherwise, and any information and evidence derived therefrom, may be used against the defendant in this or any other prosecution or proceeding without limitation. Such statements and information include, but are not limited to, the plea agreement itself (including the factual basis contained in Section D), statements made to law enforcement agents or prosecutors, testimony before a grand jury or other tribunal, statements made pursuant to a proffer agreement, statements made in the course of any proceedings under Rule 11, Fed. R. Crim. P. (including the defendant's entry of the guilty plea), and statements made in the course of plea discussions. The defendant expressly and voluntarily waives the protection afforded by Fed. R. Evid. 410 as to any statements made by her personally (but not as to statements made by her counsel). The defendant is not entitled to withdraw her guilty plea.

3. **Procedure for Establishing Breach**

The United States will provide written notice to the defendant or her attorney if it intends to be relieved of its obligations under the agreement as a result of a breach by the defendant. After providing such notice, the United States may institute or proceed with any charges against the defendant prior to any judicial determination regarding breach. However, the United States will obtain a judicial determination regarding breach prior to using

statements and information provided by the defendant or any act of producing documents or items by the defendant pursuant to this agreement, or any evidence or information derived therefrom, in its case-in-chief in a criminal trial or in sentencing the defendant in this case. The standard of proof in any proceeding to determine whether the plea agreement has been breached is preponderance of the evidence. To prove a breach, the United States may use (1) any and all statements of the defendant, (2) any and all statements of her counsel to the Court (including the United States Probation Office), and (3) any representation by defense counsel to the United States that the defendant will not plead guilty.

F.   **WAIVERS BY THE DEFENDANT**

   1.   **Waiver of Trial Rights**

By pleading guilty, the defendant waives the right to plead not guilty or to persist in a not guilty plea and waives the right to a jury trial. At a trial, the defendant would have the trial rights to be represented by counsel, to confront and examine adverse witnesses, to be protected against compelled self-incrimination, to testify and present evidence, to compel the attendance of witnesses, and to have the jury instructed that the defendant is presumed innocent and the burden is on the United States to prove the defendant's guilt beyond a reasonable doubt. By waiving her right to a trial and pleading guilty, the defendant is waiving these trial rights.

   2.   **Waiver of Appeal and Collateral Remedies**

Except as otherwise provided in this section, the defendant hereby expressly waives the right to appeal her conviction and sentence, including any appeal right conferred by 28

U.S.C. § 1291 and 18 U.S.C. § 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under 28 U.S.C. § 2241, 28 U.S.C. § 2255, or 18 U.S.C. § 3582(c)(2). This waiver applies to any challenge on appeal or in any post-conviction proceeding to any aspect of the defendant's sentence, including imprisonment, fine, special assessment, restitution, forfeiture or the length and conditions of supervised release or probation. The defendant, however, reserves the right to appeal the following: (a) any sentence which is in excess of the statutory maximum; (b) any sentence which is an upward departure pursuant to the Sentencing Guidelines; and (c) any non-Guidelines sentence or "variance" which is above the guidelines range calculated by the Court. Notwithstanding this waiver of appeal and collateral remedies, the defendant may bring any claim of ineffectiveness of counsel.

3. **Waiver of Statute of Limitations**

The defendant understands that the time limitation for charging the offense contained in the Superseding Bill of Information has expired. The defendant hereby waives all defenses based on the statute of limitations as well as any common law, equitable, or constitutional claim of pre-indictment delay as to such offense.

The defendant also waives all defenses based on the applicable statutes of limitation as to the offenses charged in the Indictment and all offenses that the United States has agreed not to prosecute, as long as such offenses are not time-barred on the effective date of this agreement. The defendant likewise waives any common law, equitable, or constitutional claim of pre-indictment delay as to such offenses, as long as such offenses are not time-

barred on the effective date of this agreement. The waivers contained in this paragraph will expire one year after the date of any of the following: (1) a judicial finding that defendant has breached the plea agreement; (2) the withdrawal of any plea entered pursuant to this plea agreement; or (3) the vacating of any conviction resulting from a guilty plea pursuant to this plea agreement.

### 4. Waiver of Speedy Trial Rights

The defendant hereby waives any common law, equitable, or constitutional claim regarding post-indictment delay as to the offenses charged in the Indictment and Superseding Bill of Information. The waiver contained in this paragraph will expire one year after the date of any of the following: (1) a judicial finding that defendant has breached the plea agreement; (2) the withdrawal of any plea entered pursuant to this plea agreement; or (3) the vacating of any conviction resulting from a guilty plea pursuant to this plea agreement.

## G. EFFECT OF AGREEMENT

### 1. Effective Date

This agreement is not binding on any party until signed by the defendant, defendant's counsel, and an attorney for the United States. Once signed by the defendant, her counsel, and an attorney for the United States, the agreement is binding on the defendant and the United States.

### 2. Effect on Other Agreements

This agreement supersedes any prior agreements, promises, or understandings between the parties, written or oral, including any proffer agreement.

3. **Effect on Other Authorities**

The agreement does not bind any federal, state, or local prosecuting authority other than the United States Attorney's Office for the Middle District of Louisiana.

4. **Effect of Rejection by Court**

Pursuant to Fed. R. Crim. P. 11, the Court may accept or reject this plea agreement. If the Court rejects the plea agreement, the plea agreement is no longer binding on the parties and is not binding on the Court. If the Court rejects the plea agreement, the defendant will be given the opportunity to withdraw her plea and such withdrawal will not constitute a breach of the agreement. If the defendant does not withdraw her plea following rejection of the plea agreement, the disposition of the case may be less favorable to the defendant than contemplated by the plea agreement.

H. **REPRESENTATIONS AND SIGNATURES**

1. **By The Defendant**

I, Charlotte A. Johnson, have read this plea agreement and have discussed it with my attorney. I fully understand the agreement and enter into it knowingly, voluntarily, and without reservation. I have not been threatened, intimidated, pressured, or coerced in any manner. I am not under the influence of any substance or circumstance that could impede my ability to understand the agreement and its consequences.

I affirm that absolutely no promises, agreements, understandings, or conditions have been made, agreed to, or imposed by the United States in connection with my decision to plead guilty except those set forth in this agreement.

I acknowledge that no promises or assurances have been made to me by anyone as to what my sentence will be. I understand that representations by my attorney (or anyone else) regarding application of the Sentencing Guidelines and/or my possible sentence are merely estimates and are not binding on the Court.

I have read the Superseding Bill of Information and have discussed it with my attorney. I fully understand the nature of the charge. I understand that I am entitled, under the Fifth Amendment of the United States Constitution, to have the charge instituted by a Grand Jury Indictment.

I have accepted this plea agreement and agreed to plead guilty because I am in fact guilty of the offense charged in the Superseding Bill of Information.

I am satisfied with the legal services provided by my attorney and have no objection to the legal representation I have received.

_____  DATE: 1/29/16
Charlotte A. Johnson
Defendant

2.  **By Defense Counsel**

I have read this plea agreement and have discussed it with my client, Charlotte A. Johnson, who is the defendant in this matter. I am satisfied that the defendant understands the agreement and is entering into it knowingly and voluntarily. The agreement accurately and completely sets forth the entire agreement between the defendant and the United States.

_____  DATE: 1/29/16
Richard M. Upton
Counsel for Defendant

Charlotte A. Johnson  Page 12  January 26, 2016

### 3. By the United States

We accept and agree to this plea agreement on behalf of the United States. The agreement accurately and completely sets forth the entire agreement between the defendant and the United States.

_____  DATE: 05FEB16
J. Walter Green
United States Attorney
Middle District of Louisiana

_____  DATE: 2-1-16
M. Patricia Jones
Assistant United States Attorney
Middle District of Louisiana